J-A08036-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| TANIA HINTON, AND SORAYA HEYDARI, INDIVIDUALLY AND ON BEHALF OF SIMILARLY SITUATED INDIVIDUALS | : : : : : | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellants | : : : : | |
| v. | : : : | No. 1927 EDA 2025 |
| IKEA NORTH AMERICAN SERVICES, LLC | : : : | |

Appeal from the Order Entered June 20, 2025
In the Court of Common Pleas of Montgomery County
Civil Division at No(s):  2024-24004

BEFORE:  LAZARUS, P.J., PANELLA, P.J.E., and KING, J.

MEMORANDUM BY PANELLA, P.J.E.:                **FILED AUGUST 13, 2026**

Tania Hinton and Soraya Heydari appeal from the order entered in the Court of Common Pleas of Montgomery County sustaining the preliminary objections of IKEA North American Services, LLC ("IKEA") and dismissing Hinton's class action complaint. We stay this matter as more fully explained below.

In this case, the Superior Court of Pennsylvania is requested to interpret California Civil Code § 1670.8(a)(1) as to whether that subsection of the statute authorizes a private right of action for a violation of section 1670.8, commonly known as California's "Yelp Law." We are asked to make this interpretation prior to any decision from a California appellate court despite

1

the existence of a number of cases pending in the California appellate courts on the exact issue. The relevant portion of Section 1670.8 states:

> (a)(1) A contract or proposed contract for the sale or lease of consumer goods or services may not include a provision waiving the **consumer's right to make any statement** regarding the seller or lessor or its employees or agents, or concerning the goods or services.
>
> (2) It shall be unlawful to threaten or to seek to enforce a provision made unlawful under this section, or to otherwise **penalize a consumer for making any statement** protected under this section.

Cal. Civ. Code §1670.8(a) (emphases added).

> The trial court provided the background of this case:
>
> [Hinton and Heydari], both residents of California, brought this action on October 21, 2024, against [IKEA]. The case was brought as a purported class action on behalf of a class of individuals in California who purchased consumer goods or services through [IKEA's] website. In Plaintiffs' First Amended Class Action Complaint, filed on January 8, 2025, they allege that in order to make a purchase on [IKEA]'s website, they are required to agree to [IKEA]'s "Terms and Conditions." Under a provision in those Terms and Conditions, the consumer represents and warrants that any rating or review submitted on [IKEA]'s Customer Ratings and Review service "will not cause injury to any person or entity." The Complaint does not aver that [IKEA] ever threatened or sought to enforce this provision against [Hinton and Heydari] or otherwise sought to penalize [them] for making a statement contrary to this provision.
>
> [Hinton and Heydari] assert that [IKEA]'s restriction on consumer reviews violates section 1670.8 [of the California Civil Code], which[, in addition to the foregoing,] provides[, in pertinent part]:
>
>> (c) Any person who violates this section shall be subject to a civil penalty not to exceed two thousand five hundred dollars ($2,500) for the first violation, and five thousand dollars ($5,000) for the second and for each subsequent violation, to be assessed and collected in a civil action

2

> brought by the-consumer, by the Attorney General, or by the district attorney or city attorney of the county or city in which the violation occurred. When collected, the civil penalty shall be payable, as appropriate, to the consumer or to the general fund of whichever governmental entity brought the action to assess the civil penalty.
>
> Cal. Civ, Code § 1670.8[(c)]. …
>
> On January 28, 2025, [IKEA] filed Preliminary Objections to Plaintiffs' First Amended Class Action Complaint, demurring on various grounds, including that the California statute did not authorize a private right of action unless the defendant not only imposed a contractual limitation contrary to the statute but also threatened or sought to enforce the limitation or to penalize the consumer for making a protected statement. In other words, [IKEA] argued, a private right of action is authorized only for a violation of paragraph (a)(2) of the statute, not for a violation of paragraph (a)(1).

Trial Court Opinion, 9/29/26, at 1-3. The trial court sustained IKEA's preliminary objections after a hearing, finding there is no private right of action unless the defendant company violated subsections (a)(1) and (a)(2) of the Yelp Law. *Id.* at 1. Hinton and Heydari timely appealed, raising four issues for this Court's review, all of which require this Court to interpret the California Statute, as aforesaid. *See* Appellants' Brief, at 5-6.

Hinton and Heydari contend that the trial court erred in sustaining IKEA's preliminary objection and dismissing the First Amended Complaint because, in their view, California Civil Code section 1670.8 authorizes a consumer to bring a civil action for any violation of section 1670.8, including a violation of subsection (a)(1) alone. *See* Appellants' Brief, at 11-12. They rely on subsection (c)'s reference to violations of "this section," which they argue

3

refers to section 1670.8 as a whole rather than only subsection (a)(2). **See id.** at 8-10. Hinton and Heydari therefore ask this Court to reverse the judgment of the Court of Common Pleas, order that each of IKEA's three preliminary objections be overruled, and remand this matter for further proceedings. **See id.** at 37-38.

IKEA responds that the Court of Common Pleas properly dismissed the First Amended Complaint and correctly concluded that Hinton and Heydari have a private right of action for civil penalties only where they plausibly allege that a person threatened or sought to enforce a provision that is prohibited under subsection (a)(1). **See** Appellee's Brief, at 8. According to IKEA, subsection (a)(1) states what a contract may or may not "include," while subsection (a)(2) defines what is "unlawful" for a person or entity to do. **See id.** at 9. In IKEA's view, subsection (c)'s civil penalty provision only applies where a plaintiff alleges conduct prohibited by subsection (a)(2), such as threatening or seeking to enforce a prohibited provision or otherwise penalizing a consumer. **See id.** at 8-9.

This issue involves the interpretation of a statute, which is a pure questions of law over which our standard of review generally is *de novo* and our scope is plenary. **See Kowall v. United States Steel Corp., Inc.**, 325 A.3d 802, 806 (Pa. Super. 2024). Here, however, the parties ask this Court to decide an unsettled question of California law on which California trial courts and federal district courts are divided.

4

The split turns on two competing readings of the statute. Some courts read subsection (a)(1) as identifying prohibited contractual language and subsection (a)(2) as providing the actionable conduct required for civil penalties. **See, e.g.**, **O'Donnell v. Crocs Retail, LLC**, No. 24STCV05067, 2025 WL 2482911, at *6-7 (Cal. Super. Ct. Aug. 21, 2025); **Khosrovian v. Home Depot, Inc.**, No. 23STCV30007, 2025 WL 1939097, at *2 (Cal. Super. Ct. July 9, 2025); **Pulbrook v. Nationwide Mut. Ins. Co.**, No. 23CV427954, 2025 WL 1676970, at *9 (Cal. Super. Ct. Apr. 8, 2025); **Moss v. GoDaddy.com, LLC**, No. 23STCV31166, 2025 WL 1189636, at *5-10 (Cal. Super. Ct. Mar. 14, 2025); **Scott v. Ulta Beauty Inc.**, No. 23STCV28662, 2025 WL 656585, at *2 (Cal. Super. Ct. Feb. 14, 2025); **Arterberry v. Peet's Coffee, Inc.**, No. 23STCV31145, 2024 WL 5046266, at *4-7 (Cal. Super. Ct. Dec. 5, 2024).

Other courts read section 1670.8 to permit a claim based on subsection (a)(1) alone, without requiring a plaintiff to allege a threat, enforcement effort, or penalty under subsection (a)(2). **See, e.g., Anderson v. United Parcel Serv. of Am., Inc.**, 734 F. Supp. 3d 1012, 1019 (C.D. Cal. 2024); **Hagen v. TikTok, Inc.**, No. 23STCV28623 (Cal. Super. Ct. Apr. 10, 2025).

Hinton and Heydari recognize that California appellate guidance on the issue is forthcoming. **See** Appellants' Brief, at 28-29. Hinton and Heydari note that several California trial court decisions addressing this same issue are currently pending before the California Courts of Appeal and state that "in the

5

interests of comity, efficiency, and judicial economy, the Court may wish to wait for the courts of California to settle this question before addressing it in this appeal." *Id.* IKEA, on the other hand, asks this Court to affirm the judgment of the Court of Common Pleas and suggests that a stay will "unnecessarily prolong the resolution of this case." Appellee's Brief, at 20 n.10. Given the unsettled nature of the California law issue and the pendency of related California appellate proceedings, we conclude that a stay is appropriate.

Although no Pennsylvania authority appears to explicitly address a stay in this precise posture (where a Pennsylvania appellate court pauses its review pending another state's appellate guidance on an unsettled question of that state's law), Pennsylvania law recognizes broad judicial authority to manage proceedings in the interest of justice. Section 323 of the Judicial Code provides that:

> Every court shall have power to issue, under its judicial seal, every lawful writ and process necessary or suitable for the exercise of its jurisdiction and for the enforcement of any order which it may make and all legal and equitable powers required for or incidental to the exercise of its jurisdiction, and, except as otherwise prescribed by general rules, every court shall have power to make such rules and orders of court as the interest of justice or the business of the court may require.

42 Pa.C.S.A. § 323.

The Pennsylvania Rules of Appellate Procedure likewise provide:

> These rules shall be liberally applied to secure the just, speedy, and inexpensive determination of every matter to which they are applicable. In the interest of expediting decision, or for other good

6

cause shown, an appellate court may, except as otherwise provided in subdivision (b), disregard the requirements or provisions of any of these rules in a particular case on application of a party or on its own motion and may order proceedings in accordance with its direction.

Pa.R.A.P. 105(a).

That authority is consistent with the Pennsylvania Superior Court's Internal Operating Procedures, which expressly contemplate stays of appeals in the *en banc* context. **See** 210 Pa. Code § 65.41(E)–(F). Although section 65.41 does not control here, it reflects the Superior Court's recognition that staying one appeal may be appropriate when another appellate proceeding is positioned to resolve a related legal issue.

The Pennsylvania Supreme Court has also considered stays in the context of related proceedings in another jurisdiction. **See American Sanitary Sales Co. v. Geftman**, 431 A.2d 1006, 1007-08 (Pa. 1981) (considering whether principles of comity and equity required Pennsylvania courts to refrain from exercising jurisdiction pending resolution of similar proceedings in New Jersey, but vacating the stay after the New Jersey Supreme Court stayed its own proceedings pending final disposition of the Pennsylvania litigation).

Further, we find the federal district court decision in **Ramos** well-reasoned and comprehensive. **See Ramos v. Amazon.com, Inc.**, No. 2:24-

CV-00089-HDV-EX, 2026 WL 1045665 (C.D. Cal. Apr. 17, 2026).[1] In **Ramos**, Judge Hernán D. Vera considered whether to proceed with a putative Yelp Law class action based on the alleged inclusion of a non-disparagement clause in a consumer contract while related California appeals were pending. **See id.** at *1-2. Judge Vera identified the same key question presented here: whether California Civil Code section 1670.8(a)(1) authorizes a private right of action absent enforcement or threatened enforcement under section 1670.8(a)(2). We are persuaded by Judge Vera's reasoning as to why proceedings involving this same California law issue should be stayed pending California appellate guidance.

In **Ramos**, the court observed that several Yelp Law appeals were pending before the California Courts of Appeal, and that "[m]ost if not all" of those appeals presented the same legal question: "whether a plaintiff may maintain a private cause of action under California Civil Code section 1670.8(a)(1) without also asserting a violation of section 1670.8(a)(2)." **Id.** at *5. The court further explained that the question before the California Court of Appeal was "directly on point" because the plaintiffs' theory depended on whether subsection (a)(1) authorizes a private right of action. **Id.** The same is true here. Hinton and Heydari's theory is that subsection (c)'s reference to "this section" permits a consumer to sue for a violation of subsection (a)(1)

---

[1] Although the decisions of federal courts are not binding, "we may consider them as persuasive authority." **Adams o/b/o T.E.A. v. Adams**, 36 A.3d 107, 112 n.4 (Pa. Super. 2024) (citation omitted).

alone. ***See*** Appellants' Brief at 15-17. IKEA responds that subsection (a)(1) cannot support civil penalties absent conduct prohibited by subsection (a)(2). ***See*** Appellee's Brief at 8-9. Thus, as in ***Ramos***, the viability of Hinton and Heydari's theory turns on the same question now pending before the California Court of Appeal.

We also agree with Judge Vera's reasoning that California appellate guidance will materially aid courts asked to apply the Yelp Law:

> If the Court of Appeal holds that a standalone section 1670.8(a)(1) claim is not cognizable, Plaintiffs' claim may be wholly unavailable. If it holds otherwise, the parties and the Court will benefit from that court's reasoning in resolving the outstanding issues here . . . Either way, the Court of Appeal's decision will sharpen the contours of this litigation by simplifying the issues and questions of law the Court must resolve.

***Ramos***, 2026 WL 1045665, at *9.

A stay here also serves judicial economy. We agree with the court in ***Ramos*** that proceeding before the California Court of Appeals has addressed the issue would risk unnecessary litigation over a theory that might soon be rejected. ***See id.*** at *9-10. Deciding the statutory question now would require this Court to resolve an unsettled issue of California law while California appellate courts are actively considering the same issue. If the California appellate court later reaches a different conclusion, the parties and this Court may be required to revisit matters that could have been avoided by awaiting that guidance.

9

Accordingly, consistent with Judge Vera's reasoning in **Ramos**, we conclude that the interests of justice and judicial economy favor a stay. The law governing this lawsuit should be issued by the relevant state court, and it is not our role to independently discern and shape California statutory law.

We therefore stay this appeal for six months pending a decision from the California Court of Appeal addressing whether California Civil Code section 1670.8(a)(1) authorizes a private right of action absent enforcement, threatened enforcement, or other conduct prohibited by section 1670.8(a)(2). The parties are directed to advise this Court as soon as a California Court of Appeals decision addressing this matter is filed.

Appeal stayed. Jurisdiction retained.